SUSAN D. POLLARD

VERSUS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY A/K/A FARMER'S INSURANCE
GROUP AND ROY A. CEFALU

C/W

SUSAN POLLARD

VERSUS

21ST CENTURY INSURANCE COMPANY
A/K/A FARMERS INSURANCE GROUP AND
ROY CEFALU

NO. 21-CA-65
C/W
21-C-48

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 762-162, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

December 23, 2021

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**JUDGMENT VACATED AND REMANDED**
    **FHW**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy J. Vega
Chief Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SUSAN D. POLLARD
     Kelly S. Rizzo
     John W. Redmann
     Edward L. Moreno

COUNSEL FOR DEFENDANT/APPELLEE,
21ST CENTURY CENTENNIAL INSURANCE COMPANY A/K/A FARMERS
INSURANCE GROUP AND ROY A. CEFALU
     Jack E. Truitt
     Lou Anne Milliman
     Michelle Mayne Davis
     Lauren A. Duncan
     Angelina Valuri

COUNSEL FOR DEFENDANT/APPELLEE,
HARTFORD INSURANCE COMPANY OF THE SOUTHEAST
     Daniel R. Atkinson, Jr.

**WICKER, J.**

Plaintiff, Susan D. Pollard, appeals the July 30, 2020 judgment rendered after a jury verdict in favor of the defendants, Roy A. Cefalu, 21st Century Centennial Insurance Company and Hartford Insurance Company of the Southeast, and against plaintiff, who was injured in a June 22, 2015 rear-end motor vehicle accident. On appeal, Ms. Pollard complains that the trial court erred by failing to exclude defendants' expert witness who lacked the requisite experience and methodology to provide expert testimony in the fields of accident reconstruction, biomechanics, medicine, or occupant kinematics. For the reasons that follow, the trial court ruling that denied the exclusion of Dr. Charles E. Bain's testimony is reversed, the judgment entered on the jury verdict is vacated, and we remand this matter for a new trial.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 22, 2015, appellant-plaintiff, Susan D. Pollard, was involved in a motor vehicle accident in which Ms. Pollard's 2003 Ford Escape was struck by a vehicle driven by appellee-defendant, Roy A. Cefalu, who was insured by 21st Century Centennial Insurance Company (21st Century). On June 21, 2016, Ms. Pollard filed a Petition for Damages asserting that she sustained injuries as a result of the accident. Prior to trial, on March 10, 2017, the parties entered into a Joint Stipulation that Mr. Cefalu rear-ended Ms. Pollard's vehicle, that he was the sole and proximate cause of the two-vehicle accident, and that Ms. Pollard was free of fault for the accident. Thus, the only triable issues remaining were damages and medical causation for the injuries alleged to be related to the accident.

Several pre-trial motions were filed by the parties.[1] Prior to the conclusion of discovery, on July 17, 2019, Ms. Pollard filed a *Daubert*[2] motion to strike, or alternatively, to exclude or limit, Dr. Charles E. Bain as an expert for defendants on the grounds that Dr. Bain's qualifications and methodology failed to satisfy the requirements outlined in *Daubert* and La. C.E. art. 702, and that his testimony would only confuse the jury relative to the force of impact being determinative of a person's injuries. Mr. Cefalu and 21st Century filed an opposition to the motion on August 26, 2019, wherein they argued that numerous courts have permitted Dr. Bain to testify as an expert in his proffered area of expertise upon considering his experience, his well-accepted methodologies, and his opinions assisting the trier-of-fact. Thereafter, on August 1, 2019, Ms. Pollard filed an Omnibus Motion in *Limine* to exclude any statements by the parties regarding the degree of impact, photographs of the vehicles involved in the crash, and disclosure of the insurance policy limits. At the hearing,[3] on September 4, 2019, the trial court, *inter alia*, denied Ms. Pollard's motion to strike or exclude Dr. Bain's expert testimony. However, the court granted, in part, Ms. Pollard's Omnibus Motion in *Limine* as to the insurance policy limits, but deferred ruling on all other issues until trial.

A five-day jury trial commenced from March 9, 2020 through March 13, 2020. At trial, on March 12, 2020, *voir dire* was conducted by both parties of defendants' expert witness, Dr. Charles E. Bain, whose testimony was offered to

---

[1] On July 25, 2019, Defendants, Mr. Cefalu and 21st Century, filed a Motion in *Limine* and Supporting Memorandum to Exclude Jeff Mohr and Motion in *Limine* and Supporting Memorandum to Exclude David Barczyk, D.C., both of which were asserted on the basis that each expert lacked the reliability required and that their testimony would be cumulative. On July 26, 2019, Defendants filed a Motion in *Limine* and Supporting Memorandum to Exclude Dr. Shael N. Wolfson and Dr. James R. Bartkus, citing both experts' opinions lacked an adequate foundation and methodology. On July 30, 2019, Ms. Pollard filed a Motion to Strike Defendants' Motions to Exclude Plaintiff's Experts as untimely pursuant to La. C.C.P. art. 1425. On August 1, 2019, Ms. Pollard filed a Motion to Strike Dr. David Aiken's Supplemental IME Report.

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[3] The trial court considered various motions filed by the parties, and made the following rulings: (1) denied Ms. Pollard Motion to Strike Defendants' Motions to Exclude Plaintiff's Experts as untimely pursuant to La. C.C.P. art. 1425; (2) granted Ms. Pollard's Motion to Strike Dr. David Aiken's Supplemental IME Report; (3) denied Defendants' Motion in *Limine* to Exclude Dr. Shael N. Wolfson and Dr. James R. Bartkus; (4) denied Defendants' Motion in *Limine* to Exclude David Barczyk, D.C.; and (5) mooted Defendants' Motion In *Limine* to Exclude Jeff Mohr.

address the issue of medical causation for the alleged injuries sustained by Ms. Pollard in connection with the June 22, 2015 accident. On direct examination, Dr. Bain testified that he performs accident reconstruction and biomechanical analysis, and renders medical opinions. Dr. Bain has testified at trial as an expert in the areas of biomechanics, injury causation analysis, and accident reconstruction in 165 cases over seventeen years in thirty U.S. states and Canada. Dr. Bain further testified that he has a nuclear engineering degree, which he describes as a combination of chemical and mechanical engineering and nuclear science, which he received in 1974 from the College of Canada. In 1983, he graduated from medical school in Canada. After completing medical school, he received his license to practice medicine in Canada.

In Canada, Dr. Bain practiced medicine in the fields of emergency medicine and family medicine until 2003. Recently, he received his license to practice medicine in Texas. Dr. Bain also testified that his expertise in orthopedics has been well-founded in his experience in emergency and family medicine through his regular treatment of patients as an emergency physician and family physician.

Dr. Bain further testified that he did not perform a reconstruction of the June 22, 2015 accident at issue since liability had already been determined in the instant matter. However, he did perform an impact severity analysis to determine the force of impact in the collision at issue. Dr. Bain explained that since the accident was a minimal damage collision, he used test data at his crash test facility and the force reflection method to determine how fast Mr. Cefalu was traveling to cause damage to Ms. Pollard's vehicle. Dr. Bain opined that Ms. Pollard was not seriously injured in the June 22, 2015 collision despite her treating physicians' opinions of her injuries.

On cross-examination, Dr. Bain confirmed that he is a co-owner of Biodynamics Research Corporation ("BRC"), where collision tests are performed

and the data is collected that he utilizes in his injury causation analysis for collisions. Dr. Bain also testified that he only practices non-clinical medicine consisting of reviewing medical records and opining on same in Texas. He has not treated any patients in the United States, and he last treated patients over seventeen years ago in 2003 in Canada. Dr. Bain agreed that he has never been trained as an orthopedist, neurologist, or neuropsychologist. Dr. Bain acknowledged that while he has a degree in nuclear engineering, he has never been licensed as a professional engineer, and has never earned degree in biomechanics.

Relative to the accident, Dr. Bain testified that he did not visit the scene of the accident, but used Google Earth and 3D function to examine the accident scene since the accident was a minor event. Despite Ms. Pollard's objections, the trial court qualified Dr. Bain as an expert in the fields of accident reconstruction, biomechanics, medicine, and occupant kinematics.

At the conclusion of trial, the jury rendered a verdict in favor of defendants, finding that Ms. Pollard was not injured in the June 22, 2015 collision. On July 30, 2020, the trial court issued a judgment consistent with the jury verdict and dismissed Ms. Pollard's claims, at her costs. Ms. Pollard appeals the July 30, 2020 judgment.

In addition to the appeal, Ms. Pollard has sought this Court's supervisory review of the trial court's January 4, 2021 judgment granting Defendants' Motion to Tax Costs against Plaintiff on the basis that the March 13, 2020 jury verdict found she had not suffered any damages.[4] Since the appeal of the July 30, 2020 judgment and the writ taken from the January 4, 2021 judgment contain interrelated issues and arise out of the same district court case, we have consolidated this appeal and the writ, and our review of both judgments is contained herein.

---

[4] On February 4, 2021, Ms. Pollard filed a writ application seeking this Court's supervisory review of the trial court's January 4, 2021 judgment granting 21st Century's Motion to Assess Costs in the amount of $34,536.33. It was assigned case number 21-C-48, and this court issued an order on March 3, 2021, consolidating the writ application with Ms. Pollard's appeal assigned case number 21-CA-65.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Pollard asserts the following assignments of error:

1. The court erred in permitting Dr. Bain to testify at trial as an expert in accident reconstruction, biomechanics, medicine, or occupant kinematics;

2. The court erred in admitting the surveillance video as evidence;

3. The court erred in denying Plaintiff's motion in *limine* and in rejecting Plaintiff's proposed jury instruction on the irrelevance of force of impact;

4. The court erred in refusing to excuse a juror who stated under oath that due to his language barrier, he only understood thirty to forty percent of what was discussed during trial;

5. The court erred in limiting Plaintiff's direct examination of her treating neurologist, Dr. Trahant, without any forewarning on time limits;

6. The court erred in limiting Plaintiff's *voir dire* of Defense's offered expert, Dr. Bain, on his qualifications without any forewarning; and

7. The trial court erred in denying Plaintiff's motion for JNOV, new trial, and additur.

## LAW AND ANALYSIS

On appeal, in her first assignment of error, Ms. Pollard contends that the trial court erred in its pretrial ruling wherein it denied her motion in *limine* to exclude and/or limit the testimony of Dr. Bain who lacked the qualifications to testify as an expert, a reliable methodology, and a sufficient basis for his opinions. Additionally, Ms. Pollard asserts that the trial court erred in permitting Dr. Bain, who had no training, license, certification, or professional affiliation in any specialty relative to the injury-causation analysis, to testify concerning a causal link between the accident at issue and her injuries. Ms. Pollard further asserts that the jury erroneously relied on that testimony in rendering its verdict.

The record reflects that, at trial, Dr. Bain was accepted as an expert in the fields of accident reconstruction, biomechanics, medicine, and occupant kinematics, and that Ms. Pollard objected to his qualifications as an expert in those fields. We consider Ms. Pollard's first assignment of error to be a challenge to Dr. Bain's qualifications and methodology under Article 702 of the Louisiana Code of Evidence. Therefore, we first examine whether Dr. Bain's opinion with respect to the medical causation of Ms. Pollard's injuries is the product of reliable methods as required by that Article.

The decision to admit or exclude expert testimony is within the sound discretion of the trial court, and its judgment will not be disturbed by an appellate court unless it is clearly erroneous. *Rhodes v. AMKO Fence & Steel Co., LLC*, 21-19, p. 6 (La. App. 5 Cir. 10/28/21), 2021 WL 5002302. A trial judge has great discretion concerning the admissibility and relevancy of evidence, and has wide latitude to determine whether an expert has the competence, background, and experience to qualify. *Schexnayder v. Exxon Pipeline Co.*, 01-1236 (La. App. 5 Cir. 3/13/02), 815 So.2d 156, 159. A trial court's ruling to qualify an expert to testify at trial will not be disturbed on appeal absent a clear abuse of discretion. *Succession of Olsen*, 19-348 (La. App. 5 Cir. 1/29/20), 290 So.3d 727, 735, *writ denied*, 20-362 (La. 6/3/20), 296 So.3d 1067.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. La. C.E. art. 702; *Par. of Jefferson v. Hous. Auth. of Jefferson Par.*, 17-272 (La. App. 5 Cir. 12/13/17), 234 So.3d 207, 212 (quotations omitted).

The district court performs the important gatekeeping role of ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Blair v. Coney*, 19-0795, p. 5 (La. 4/3/20), 2020 WL 1675992 (quoting *Cheairs v. State ex rel. Dep't of Transp. & Dev.*, 03-680 (La. 12/3/03), 861 So.2d 536, 541).

C.E. art. 702(A)(2) and C.E. art. 702(A)(4) are grounded in the longstanding principle recognized in *Daubert* that the determination of whether an expert's testimony is admissible requires an assessment of "whether that reasoning or methodology properly can be applied to the facts in issue." *Blair v. Coney*, *supra*, (quoting *Daubert*, 509 U.S. at 592–593, 113 S.Ct. 2786).

A review of the record shows that at trial, Dr. Bain expressed his medical causation opinion that Ms. Pollard: (1) was not subjected to forces and accelerations that would cause any structural alteration to her cervical spine or shoulders; (2) did not suffer a TBI (traumatic brain injury); and (3) may have experienced muscle strains that would have abated within days to weeks regardless of her medical treatment.

He further opined that there was no mechanism during this accident to cause Ms. Pollard to sustain a shoulder injury or a labral injury/tear, and that she was not subject to any significant shoulder loading. Dr. Bain also concluded that Ms. Pollard's torso was contacted and accelerated by her forward moving seat back structure, and her head was likely contacted by her forward moving headrest.

Our Supreme Court recently addressed the admissibility of Dr. Bain's testimony in *Blair v. Coney, supra*. In that case involving a motor vehicle accident, Dr. Bain opined that the plaintiff was involved in a low speed rear-end motor vehicle collision that subjected him to minimal forces and accelerations and that "[h]e was not subjected to forces and acceleration that would cause serious or long-lasting injuries." *Id*. at 8. Further, Dr. Bain opined, without reservation, that plaintiff's

injuries and treatments were not causally related to the subject event. *Id*. Upon review, the Supreme Court held that Dr. Bain's testimony was based on insufficient facts or data, and thus failed to meet the requirement of C.E. art. 702(A)(2). *Blair*, 19-0795 at p. 9.

Specifically, the Supreme Court pointed out in *Blair* that the record was replete with Dr. Bain's opinions that were based on inadequate, speculative, and unsubstantiated assumptions and conclusions. *Blair*, 19-0795 at pp. 8-9. The Court pointed out that Dr. Bain did not (1) inspect either of the vehicles involved in the collision at issue; (2) speak with the damage appraisers; (3) know plaintiff's body position at the time of the accident; (4) inspect plaintiff's vehicle for variance from the vehicle he rented that was the same make and model which was used to perform the exemplar-surrogate inspection; or (5) interview the plaintiff. *Id*. The Supreme Court explained that Dr. Bain calculated the impact of the collision on plaintiff's body based, in part, on photographs, vehicle repair estimates, and descriptions of the accident by the parties. *Id*.

From the evidence and testimony presented at the trial of the case before us, it is clear that Dr. Bain relied on this same methodology in reaching his conclusions about Ms. Pollard's injuries. In this instance, as in the *Blair* case, Dr. Bain reviewed the police report, pictures of the vehicles, repair slips, and deposition testimony to determine the extent of the damages to the vehicles involved in the collision. Just as he did in *Blair*, Dr. Bain conducted an exemplar inspection using the exact make and model vehicles involved in the accident to measure the parts and damages. Further, at trial, Dr. Bain testified that he calculated the impact severity with the change in velocity, that is delta-V, experienced by Ms. Pollard's Ford was approximately 4.5 mph and its peak acceleration approximately 2.5g.

Dr. Bain's medical causation determination is based on the assumption that Ms. Pollard experienced decreasing loads in the crash, which, in turn, is derived from

his findings regarding the velocities of the vehicles and the loads resulting from the crash. His findings are rooted, in part, on the results of tests performed by him and his employees at BRC's testing lab. Additionally, at trial, Dr. Bain testified that he did not perform "any specific tests for this case," and he simply relied on "data he collected from hundreds of these (similar) tests," specifically, "vehicles with front bumpers and trailer hitches."

As in the *Blair* case, Dr. Bain did not (1) inspect either of the vehicles involved in the collision at issue; (2) speak with the damage appraisers; (3) know plaintiff's body position at the time of the accident; (4) inspect plaintiff's vehicle for variance from the vehicle he rented that was the same make and model which was used to perform the exemplar-surrogate inspection; or (5) interview the plaintiff.

Defendants argue that the articles on which Dr. Bain relies have been peer-reviewed. However, this does not mean that Dr. Bain's methodology has been peer-reviewed. On cross-examination, Dr. Bain acknowledged that most of the research and articles that he has cited in his report was written by him or one of the employees of BRC. The articles were submitted to support his findings regarding the bumper crusher, quasi-static testing and validated with dynamic testing to determine the peak vehicle acceleration in the June 22, 2015 accident.

In addition to our Supreme Court, several other courts within Louisiana have excluded Dr. Bain's expert testimony based upon his use of this same methodology. *See Godchaux v. Peerless Ins. Co.*, 13-1083 (La. App. 3 Cir. 6/4/14), 140 So.3d 817, *writ denied*, 14-1411 (La. 10/3/14), 149 So.3d 801 (*found Dr. Bain's testimony did not assist the jury in determining a fact in issue, reasoning that force-of-impact testimony cannot be used to disprove causation, and ultimately, that the trial court abused its discretion in permitting Dr. Bain to testify because his opinions and methods were unreliable and "inherently suspect" without evidence of support from the scientific community considering that Dr. Bain did not recreate the actual*

*accident and only relied on a crash analysis of a different make and model to assess the force asserted on the plaintiff's vehicle, he did not testify as to the reliability or potential errors in the crash analysis*); *Parker v. NGM Ins. Co.*, 15-2123, 2016 WL 3546325 (E.D. La. June 23 2016)(*found Dr. Bain was qualified to testify as to accident reconstruction but that his methods were unreliable and further held he was not qualified to testify as to medical causation because he was not board certified in a relevant specialty of medicine*); *Lascola v. Schindler Elevator Corp.*, 08-4802, 2010 WL 971792 (E.D. La. Mar. 12, 2010); *Breaud v. Werner Enterprises, Inc.*, 03-860, 2006 WL 8432363 (M.D. La. Mar. 20, 2006)(*found Dr. Bain's testimony was based on insufficient facts where Dr. Bain himself admitted there were dents in the vehicle he could not see in the black and white photographs he reviewe*d).

Like the Supreme Court in *Blair* and the courts cited above, we find that the trial court erred in denying Ms. Pollard's motion in *limine* to exclude the testimony of Dr. Bain based on his use of a flawed methodology that fails to meet the requirements of C.E. art. 702(A)(2). We further hold that the trial court abused its discretion by permitting Dr. Bain to testify at trial when his opinions were based on inadequate, speculative, and unsubstantiated assumptions and conclusions.

Generally, when the trial court makes evidentiary errors that are prejudicial, such that they materially affect the outcome of the trial and deprive a party of substantial rights, and if the record is otherwise complete, the appellate court will conduct its own *de novo* review of the record. *Melerine v. Tom's Marine & Salvage, LLC*, 20-00571 (La. 3/24/21), 315 So.3d 806; *see also* La. C.E. art. 103(A). However, our Supreme Court has recognized that in limited circumstances, when necessary to reach a just decision and to prevent a miscarriage of justice, an appellate court should remand the case to the trial court under the authority of Louisiana Code of Civil Procedure article 2164, rather than undertaking *de novo* review. *Id.* (citing

*Wegener v. Lafayette Ins. Co*., 10-0810 (La. 3/15/11), 60 So.3d 1220, 1233). Whether a particular case should be remanded is largely within the court's discretion and depends upon the circumstances of the case. *Id*. (citing *Wegener*, 60 So.3d at 1234).

Considering the foregoing evidence and facts in this instance, remand for a new trial is just, legal, and proper. *See* La. Code Civ. Pro. art. 2164. The evidence at issue was central to the defendant's case since Dr. Bain was their primary expert witness, and his methodology was heavily relied on to prove Ms. Pollard's alleged accident-related injuries were not caused by the June 22, 2015 collision. Ms. Pollard objected to the evidence in pre-trial motions and at trial. As our Supreme Court discussed in *Melerine,* the parties proceeded to a jury trial in reliance on those rulings, which we now find to be erroneous. 315 So.3d at 822. The rulings undoubtedly affected trial strategy and witness selection by both sides. Thus, remanding for a new trial rather than conducting a *de novo* review is warranted.

Remanding this matter for a new trial is further warranted considering we cannot determine the weight the jury accorded to Dr. Bain's testimony in reaching its conclusion that Ms. Pollard was not entitled to damages. In *Cleland*, the Third Circuit held that remand was appropriate when the trial judge improperly admitted the testimony of an expert on biomechanics when the defendants failed to establish the evidentiary reliability of the tests performed and the methodology in determining the possible injury to a person involved in a side-impact collision as required by *Daubert*. *Cleland v. City of Lake Charles*, 02-805 (La. App. 3 Cir. 3/5/03), 840 So.2d 686, 696, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 644, and *writ denied*, 03-1385 (La. 9/19/03), 853 So.2d 645. The Court explained that it could not determine the weight the jury gave to the expert's testimony in deciding the damages to award to plaintiff such that remand was appropriate. *Id*. at 689.

Since we are remanding this matter for a new trial, for the reasons discussed above, we pretermit addressing Ms. Pollard's remaining assignments of error and further, declare as moot the issue of assigning costs in her writ application.

## DECREE

For the reasons assigned herein, the trial court ruling that denied the exclusion of Dr. Charles E. Bain's testimony is reversed, the judgment entered on the jury verdict is vacated, and the matter is remanded for a new trial consistent with this opinion.

**JUDGMENT VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 23, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 21-CA-65
### C/W 21-C-48

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
EDWARD L. MORENO (APPELLANT)          JONATHAN E. LEY (APPELLANT)          KELLY S. RIZZO (APPELLANT)
JACK E. TRUITT (APPELLEE)             LOU ANNE MILLIMAN (APPELLEE)         MICHELLE MAYNE DAVIS (APPELLEE)

**MAILED**
CHRISTIAN A. GALLEGUILLOS             ANGELINA VALURI (APPELLEE)           DANIEL R. ATKINSON, JR. (APPELLEE)
(APPELLANT)                           LAUREN A. DUNCAN (APPELLEE)          ERIN O. BRAUD (APPELLEE)
JOHN W. REDMANN (APPELLANT)           NANCY N. BUTCHER (APPELLEE)          JULIE E. VAICIUS (APPELLEE)
TRAVIS J. CAUSEY, JR. (APPELLANT)     ATTORNEYS AT LAW                     PHILIP G. SMITH (APPELLEE)
ATTORNEYS AT LAW                      149 NORTH NEW HAMPSHIRE STREET       THOMAS H. BARNETT (APPELLEE)
1101 WESTBANK EXPRESSWAY              COVINGTON, LA 70433                  ATTORNEYS AT LAW
GRETNA, LA 70053                                                          3900 NORTH CAUSEWAY BOULEVARD
                                                                         SUITE 1040
                                                                         METAIRIE, LA 70002